SCHUMAN *v.* RILEY.

4-8192 204 S. W. 2d 162

Opinion delivered June 16, 1947.

Rehearing denied September 22, 1947.

*Wm. J. Kirby,* for appellant.

*L. H. Chastain,* for appellee.

GRIFFIN SMITH, Chief Justice. Vacant lots in Fort Smith forfeited for 1938 taxes and in due course were certified to the State Land Office. Suit to confirm was filed March 13, 1942, under authority of Act 119 of 1935. The decree was rendered seven months later.

Appellee acquired title to the property in 1937 by quitclaim deed from Peoples Building & Loan Association of Little Rock. Tax assessments continued in the Association's name. Manie Schuman purchased from the State in 1946.

J. G. Riley (appellee) enlisted with the armed forces July 13, 1942, and was discharged February 17, 1946. In May, 1946 he brought suit against Schuman, praying that the Court make an order permitting redemption upon payment of taxes, etc. In addition it was asked that Schuman be required to execute an appropriate conveyance. Other pleadings were filed, with final decree November 26th.

Proof is conclusive that the tax sale was not void for want of power, but that irregularities rendered it voidable. Result is that had Riley intervened within the year permitted by Act 119 sale as to the lots in question could have been set aside. The Chancellor construed the Soldiers' and Sailors' Civil Relief Act, Title 50 U. S. C. A. App. 501, *et seq.*, to confer upon Riley as a service man the right to intervene in the State's suit of March 13, 1942. It was also found that time within which Riley could act in self-protection under the Soldiers' and Sailors' Relief Act had not expired when suit against Schuman was filed.

A majority of the Judges agree with the Chancellor that the Federal statute supplemented the period allowed by Act 119 within which an intervention could be filed. Affirmed.